IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELLE FORTNER,<br><br>       Plaintiff,<br><br>v.<br><br>GARY HETZEL, et al.,<br><br>       Defendants. | Case No. 2:12-cv-721-MEF-SRW<br>(WO—Do not publish) |

## ORDER

This cause comes before the Court on Darrelle Fortner's Complaint. (ECF No. 1.) Fortner, a pro se prisoner housed in the Easterling Correctional Facility, asks for a temporary restraining order to remedy a number of alleged wrongs. Fortner claims that the correctional facility has (1) failed to provide him with outside exercise time; (2) denied him legal supplies; (3) subjected him to excessive heat; (4) denied him supplies to clean his cell; and (5) failed to follow its internal procedures in a number of ways. Because Fortner brings suit as a pro se litigant, the Court must construe his complaint liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

Rule 65 of the Federal Rules of Civil Procedure restricts a court's ability to grant a temporary restraining order. To overcome the rule's restrictions, a plaintiff must make clear from "specific facts shown by affidavit or by the verified complaint that immediate

1

and irreparable injury, loss, or damage will result to the applicant." Fed. R. Civ. P. 65(b). The Eleventh Circuit has held that this requires the plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).[1] A temporary restraining order is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotation marks omitted).

    A temporary restraining order is a "drastic remedy" because a court issues it without giving notice to the opposing party. In other words, denying a party the chance to be heard requires the moving party to make a persuasive showing of necessity. With this in mind, Fortner's request for a temporary restraining order fails for two reasons. First, he does not include specific allegations about what injury he'll suffer if the Court denies to him temporary relief. As a result, he cannot show that he'll suffer irreparable injury unless an injunction issues. Second, and along these same lines, his complaint gives no indication that he'll suffer some sort of imminent harm absent a temporary restraining order. This too undercuts his request: by failing to show he is about to suffer imminent

---

[1] Rule 65 also has a procedural component. But since Fortner cannot meet the rule's substantive standards, the Court need not concern itself with addressing the procedural issues.

2

harm, he has failed to give the Court a persuasive reason for dispensing with the notice usually given to adverse parties.

For these reasons, the Court finds that Fortner's request for a temporary restraining order is more appropriately considered a request for a preliminary injunction and a claim for permanent injunctive relief. Accordingly, the motion for a temporary restraining order found in Fortner's Complaint (ECF No. 1) is DENIED. It is further ORDERED that this case is REFERRED to the assigned Magistrate Judge for action or recommendation on all pretrial matters.

DONE this the 22nd day of August, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE